**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

                                   **NO. 13-CR-20212**

**vs.**

                                   **HON. AVERN COHN**

**D-3   ANTHONY BYNUM,**

      **Defendant.**

_____/

## SENTENCING MEMORANDUM OF THE UNITED STATES

The United States of America, through the undersigned Assistant United States Attorney, submits the following as its Sentencing Memorandum in the case of defendant Anthony Bynum:

The Defendant is guilty of conspiring to commit bribery and extortion, serious crimes wherein he breached his position of trust as a police officer for Highland Park, Michigan.  In exchange for $10,000 in cash, the Defendant and his partner failed to appear as witnesses at the criminal jury trial of a man they had arrested for being a felon in possession of a firearm.  After taking their cash bribe and getting the criminal case dismissed, the Defendant and his partner then agreed to use their power as police officers to transport and protect a load of two kilograms of cocaine

1

in return for cash.   After delivering the cocaine, the Defendant and his partner then recruited two other police officers to assist them in delivering and protecting a second shipment of four kilograms of cocaine for more money.

The Defendant's crimes were extremely serious and a gross breach of the law and his oath as a police officer.   The punishment of the Court should send a clear message to other law enforcement officers that such conduct cannot and will not be tolerated.   This case is an important instance of the need to deter other police officers from breaking the law and taking bribes.   As a result, a serious sentence of imprisonment is needed because of the seriousness of the crime, the need for general deterrence, and the need to promote respect for the law.   The public needs to know that law enforcement officers who break the law will be punished.

**I.**    **The Defendant's Crimes Were Serious**

The Defendant's criminal acts as a police officer were very serious crimes, and his criminal conduct can be divided into three separate incidents.   First, the Defendant and co-defendant Montgomery accepted $10,000 in cash from a man they had arrested for being a felon in possession of a firearm.   Even though the Defendant and Montgomery believed the man to be an armed drug trafficker, they agreed to take $10,000 in return for not obeying trial subpoenas and appearing in the

Wayne County Circuit Court for a criminal jury trial.   After the Defendant and Montgomery failed to appear for trial, the circuit judge dismissed the case against the criminal defendant.   This was not, however, the end of the Defendant's criminal conduct.

After getting the case against the drug trafficker dismissed, the Defendant and Montgomery offered to use their power as police officers to assist the drug trafficker in his business.   In November 2012, the Defendant and Montgomery brought their police guns and badges to help transport and protect what they believed was a two-kilogram shipment of cocaine.   The Defendant took $1,500 in cash for his work.   The Defendant and co-defendant Montgomery then recruited two other police officers, co-defendants Clayton and Williams, to help transport an even bigger load of cocaine.   In January 2013, the four police officers accepted cash in exchange for delivering what they believed were four more kilograms of cocaine.

Drug trafficking involving such quantities of drugs would normally amount to a serious crime.   Carrying a gun and transporting kilograms of cocaine is so serious that it carries a mandatory ten years of imprisonment--five years for carrying the gun and five years for the quantity of cocaine.   In this instance, however, the crime was even worse because four police officers chose to lend their power as law

enforcement officials to actually protect and carry out criminal activity.   The officers brought their police badges and guns in order to protect and to participate in criminal conduct.   Defendant Bynum's badge and gun would serve to protect the drug shipment for a man he believed to be a serious drug trafficker.   Because of their badges, weapons, power, and knowledge, police officers who assist drug traffickers magnify the seriousness of their crimes.

The applicable guidelines range for the Defendant of 37 to 46 months covers the Defendant's acceptance of the $10,000 bribe, as well as his participation in the protection of the two separate cocaine shipments.

## II.     Other Police Officers Need to Be Deterred From <u>Breaking the Law and Taking Bribes</u>

The sentence imposed on defendant Bynum must be sufficient to deter other police officers from taking bribes from criminals to break the law or to not do their jobs as members of law enforcement.   Although it appears that there is little need to deter defendant Bynum from future criminal acts, there is a strong need to send a decisive message to other police officers that they will receive serious punishment if they abuse their positions of trust.   Every day, law enforcement officers face the temptation of abusing their positions of power and public trust.   The community of law enforcement officers around southeast Michigan and around the state will know

exactly the nature of the sentence that this Court imposes in this case. A serious sentence of imprisonment will send a strong message to police officers in southeast Michigan to ensure that they maintain their oaths and not abuse their positions of trust. Police officers wield immense power, and a sentence of imprisonment for defendant Bynum will help to deter corrupt decisions from being made in wielding that power.

## III. <u>The Sentence Imposed Should Promote Respect for the Law</u>

Given the Defendant's position as a law enforcement officer, it is important that the Court's sentence promote respect for the law. A serious sentence of imprisonment would demonstrate that no one is above the law, no matter their position as a police officer. In fact, police officers should be held to a higher standard given their positions of trust, power, and responsibility.

## IV. <u>Conclusion</u>

The United States respectfully requests that the Court impose a serious sentence of imprisonment. Such a sentence would deter other police officers, is necessary given the seriousness of the Defendant's crimes, and would be just punishment for the crimes. The two other defendants already sentenced by the Court were far less involved in the criminal activity than either defendant Bynum

or defendant Montgomery.   The Court sentenced co-defendant Craig Clayton to 12 months and a day in prison, and it sentenced co-defendant Shawn Williams to 15 months in prison.   Clayton and Williams, however, each accepted $1,500 in cash and were only involved in the protection of the January 2013 cocaine shipment, along with Bynum and Montgomery.   By contrast, Bynum and Montgomery both accepted a $10,000 cash bribe, both failed to appear in court as a result, and they both accepted cash to protect the November 2012 and January 2013 cocaine shipments.   In addition, Bynum and Montgomery recruited Clayton and Williams into the conspiracy and the January 2013 cocaine shipment.   Under these circumstances, the culpability and seriousness of the crimes of Bynum and Montgomery are much higher than that of either Clayton or Williams.   The Court's sentence for defendant Bynum should reflect this fact.

BARBARA L. MCQUADE
United States Attorney

**/s/ DAVID A. GARDEY**
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI   48226
Phone:   (313) 226-9591
E-Mail: David.Gardey@usdoj.gov
Bar No. P48990

Dated:   October 30, 2013

6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on <u>October 30, 2013</u>, I caused the foregoing document to be filed with the Clerk of the Court, and caused a copy of this document to be served on the following:

Randall Upshaw, Esq.

<u>**/s/ DAVID A. GARDEY**</u>
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI   48226
Phone:   (313) 226-9591
E-Mail:   David.Gardey@usdoj.gov
Bar No. P48990